WINDER H. HARRISON, PLAINTIFF IN ERROR, vs. THE STATE.

An indictment under the act in relation to trading with slaves, approved January 24, 1851, which charges the defendant with buying and receiving grain from a slave, "*whose name is to the jurors unknown,*" but avers the *name of the owner* of the slave and charges the offence to have been committed on a *day certain*; held sufficient, without giving the name of the slave.

This case was decided at Marianna.

Writ of error to Jackson Circuit Court.

The opinion of the Court contains a statement of the facts of the case, to which reference is made.

*Anderson & Milton* for plaintiff in error.

*W. D. Barnes*, for Attorney General, for the State.

FORWARD, J., delivered the opinion of the Court.

The defendant was indicted in the Circuit Court, holden in and for the county of Jackson, for buying grain from a negro without a permit, under the statute of 1851. (See Pamphlet Laws of 1850, page 133.)

This indictment contains two counts. In one count it is charged that the defendant "*unlawfully did then and there*"

*buy from a slave whose name is to the jurors unknown,* (the property of Olympia Sullivan,) to wit: a half bushel of corn, of the value of fifty cents, without a *permit* from the person having control of said slave authorizing said slave to dispose of said corn."

It is alleged in the second count that the defendant "*unlawfully did then receive grain, to wit: a half bushel of corn, of the value of fifty cents, from a slave whose name is to the jurors unknown, the property of Olympia Sullivan, without a permit,*" &c.

On the trial of the cause, the defendant was convicted, and a fine of one hundred dollars imposed upon him by the Court.

A motion was made in arrest of judgment upon the following grounds, viz: Because the indictment sets forth that the defendant did then and there unlawfully buy from a slave whose name is to the jurors unknown, (the property of Olympia Sullivan,) grain, &c., and was therefore too vague and uncertain; which motion was overruled and judgment entered.

The error assigned is that the Court erred in overruling the motion in arrest of judgment.

The question is as to the sufficiency of the indictment. It is urged by the counsel for the defendant that the indictment is defective for uncertainty, in not averring the name of the slave, or some other description of the slave which would point the defendant to the particular slave with whom he traded without permit, so that he might produce or prove the permit, or show that the slave was another and different one.

There is force in this objection to the indictment. As a general rule almost certainty is required in indictments, so that a former conviction or acquittal may be pleaded to other indictments, and the defendant may be enabled to determine

whether the facts alleged constitute an indictable offence, and the defendant enabled to prepare his defence.

In this case the slave is described as the property of Olympia Sullivan. Had the name been given it would have been but an additional description. The only other mode of description would be by describing the features of the slave.

Is it not a sufficient description if the name of the owner is set forth? Could not a former conviction or acquittal be plead? And was not the defendant enabled to prepare for his defence?

The counsel for the defendant cite the cases of Francois vs. The State, 20 Alabama, page 84, and Starr vs. The State, 25 Alabama, page 39.

These cases are strongly in point, and favor the position of counsel. But if closely examined it will be observed that in the case of Francois vs. The State, the *name of the owner was not alleged in the indictment.* Of course an averment of trading with a slave whose "name is to the jurors unknown," without stating or setting forth the name of the owner, would be uncertain, and the defendant might, with some propriety, say he is not in possession of facts sufficient to enable him to prepare his defence.

The case of Starr vs. The State is directly in analogy with the one we are considering. The indictment in that case charged the defendant (Starr) with trading "*with a slave, the property of Beanajah Bibb, whose name is to the jury unknown.*" The Court held the description as fatally defective. In the opinion of the Court, however, it is stated, "*that there may be cases in which the requisite certainty may be attained without naming the slave,* we admit."

There is a marked difference, as will be seen in the Alabama case, from their practice there, in the averment of *time,* and the practice in this State.

In Alabama the manner of laying the time in the indictment is simply by stating "*before the finding of this indict-*

*ment.*" Under such an indictment as that, the defendant may be embarrassed in pleading a former acquittal or conviction and in his preparation for defence. But in this State the practice is, under indictments of this kind, to aver the time with certainty, and in the indictment under consideration the trading is charged to have been made "*on the 6th day of May, in the year of our Lord eighteen hundred and fifty-nine.*"

Thus the indictment, it will be seen, in this case, describes the slave by stating him to be the slave of Olympia Sullivan, and the offence to have been committed on the 6th day of May, 1859.

In Mississippi, (see Noonan vs. The State, 1 S. & M., 574,) it was holden that if the name of the slave to whom property was sold is unknown, it is sufficient so to aver in the indictment.

In Virginia, (see Commonwealth vs. Smith & Burwell, 1 Grattan, 553,) the Court held that in an indictment for selling ardent spirits to slaves, it is not necessary to state the name of the owners of the slave to whom the liquor was sold. The indictment averred that the owners' name was to the jurors unknown.

In House vs. Commonwealth, 8 Grattan, 755, the defendant was indicted for aiding the slave of G. & D. to escape from his owner, without *naming* the slave. Held sufficient.

In North Carolina, (see State vs. Robbin, 9 Iredell, 356,) the Court say: "In an indictment for trading with a slave, if the name of the slave be set forth, it is not necessary to state the name of the owner."

In South Carolina the same averments are considered sufficient. See State vs. Scurry, 3 Rich. (Law,) 68.

It is a well settled principle at common law that where a third person cannot be described by name, it is enough to charge him as a "certain person or persons to the jurors

aforesaid unknown." 1 Chitty's Cr. Law, 212; 2 Hawkins 25, § 71; 2 Hale, 181.

We are of the opinion that in this case, as it is averred in the indictment that the slave was the property of Olympia Sullivan, and the day upon which the offence is committed is stated with certainty, there was sufficient description of the slave in the indictment without giving the name of the slave, and that in such cases, if the name of the slave is unknown, it is sufficient so to aver it.

The judgment of the Court below is affirmed with cost.